United States District Court
Southern District of Texas
**ENTERED**
June 27, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADRIANA RAMIREZ and RODNEY RUIZ, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-00178 |
| NEW PENN FINANCIAL, LLC, et al., | § § § § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] are Defendant New Penn Financial, LLC's ("Defendant New Penn") Motion to Dismiss (Doc. 4) and Defendant Barrett Daffin Frappier Turner & Engel, LLP's ("Barrett Daffin") Motion to Dismiss (Doc. 6). The court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motions of Defendant New Penn and Barrett Daffin be **GRANTED** and that the claims against Homebridge Financial be **DISMISSED**.

### **I. Case Background**

On December 4, 2018, Plaintiffs filed a state court petition which appeared to name Shellpoint Mortgage Services,[2] Defendant New

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 9, Ord. Dated Mar. 7, 2019.

[2] Defendant New Penn was incorrectly named as Shellpoint Mortgage in Plaintiffs' Original Petition. New Penn Financial and Shellpoint Mortgage are Defendant New Penn.

Penn, Homebridge Financial, and Barrett Daffin as defendants.[3] The petition was captioned "Notice of correction for fraud, missappropriation, forgery, and other embezzlements. As Romoval of Current trustee and Appointment of New trustee to salvage property of 11519 Sagegrove ln Houston, tx 77089 that is worth $136,000.00."[4] The court assumes that Plaintiffs seek to avoid foreclosure of property located at 11519 Sagegrove Lane Houston, TX 77089. Attached to Plaintiffs' petition were three documents: (1) "Appointment of Full Co-Trustee", (2) "Notice of Correction for Fraud, Theft, Forgery, and Other Crimes", and (3) "Termination of Trust Indentures."[5] The remainder of Plaintiffs' pleadings do not elaborate on these topics.

Plaintiffs have only provided proof of service of process for Defendant New Penn.[6] Nonetheless, Defendant Barrett Daffin has appeared and filed a motion to dismiss. Homebridge Financial has not appeared, and the docket does not reflect proof of service.

On January 16, 2019, Defendant New Penn properly removed the case to federal court based on diversity of citizenship and amended the notice of removal the following day.[7] Plaintiffs have not

---

[3] See Doc. 1-4, Pl' Orig. Pet. p. 1.

[4] See id.

[5] See id. pp. 2-4.

[6] See Doc. 1-8, Orig. Pet. Citation.

[7] See Doc. 1, Not. of Removal; Doc. 3, Am. Not. of Removal.

filed a motion to remand in response to Defendant New Penn's removal.

On January 23, 2019, Defendant New Penn filed a motion to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted.[8] Defendant New Penn also pointed to Rule 9(b), contending that Plaintiffs have failed to "state with particularity the circumstances constituting the fraud."[9] Plaintiffs have not filed a response to Defendant New Penn's motion to dismiss.

On January 29, 2019, Barrett Daffin filed a motion to dismiss Plaintiffs' complaint under Rule 8 for failure to provide a "short and plain statement" showing that Plaintiffs are entitled to relief.[10] Barrett Daffin also cited to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and argued that, even if Plaintiffs are permitted to amend their complaint, Barrett Daffin is entitled to immunity for actions taken as Defendant New Penn's legal counsel.[11] Plaintiffs have not filed a response to Barrett Daffin's motion to dismiss.

---

[8] See Doc. 4, Def. New Penn's Mot. to Dismiss Pls.' Compl.

[9] See id. p. 2.

[10] See Doc. 6, Def. Barrett Daffin's Mot. to Dismiss Pls.' Compl. p. 2.

[11] See id. p. 4.

**II.     Legal Standards**

**A.    Rule 12(b)(6)**

The question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff.  Sullivan v. Leor Energy, LLC, 600 F.3d 542, 546 (5th Cir. 2010).  Rule 8(a)(2) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Twombly, 550 U.S. at 555; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.  In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678.

**B.   Failure to Prosecute**

Rule 4 states that "[U]nless service is waived, proof of service must be made to the court."  Fed. R. Civ. P. 4(l)(1). Moreover, "If a defendant is not served within [ninety] days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice."  Fed. R. Civ. P. 4(m).

The Federal Rules empower a district court to dismiss an action for failure of the plaintiff to prosecute or to comply with these rules or a court order.  Fed. R. Civ. P. 41(b); see also Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). Dismissal for failure to prosecute may be upon motion of the defendant or sua sponte.  Clewis v. Medco Health Sols., Inc., No. 3:12-CV-5208-L, 2014 WL 840026, at *3 (N.D. Tex. Mar. 4, 2014), aff'd, 578 F. App'x 469 (5th Cir. 2014) (unpublished).  The court's authority is derived from the court's power to manage its own docket "to ensure the orderly and expeditious disposition of cases."  Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992)(quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

### III. Analysis

Plaintiffs' petition provides no factual support for the claims raised.  In fact, it hardly includes anything more than the names of the parties and the causes of action.  As such, there are clearly no "well-pleaded facts" from which defendants could receive

5

"fair notice of . . . the . . . claim . . . and the grounds upon which it rests." Plaintiffs instead have provided only "labels and conclusions" rather than sufficient factual content to support a "reasonable inference that the defendant[s] [are] liable for the misconduct alleged." Accordingly, the motions of Defendant New Penn and Barrett Daffin should be **GRANTED**.

Further, Plaintiffs have failed to prosecute their claims against Homebridge Financial.[12] Plaintiffs filed this lawsuit on December 4, 2018, and the record does not reflect that Homebrdige Financial has ever been served. Accordingly, Plaintiffs' claims against Homebridge Financial should be **DISMISSED**.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that the motions of Defendant New Penn and Defendant Barrett Daffin be **GRANTED,** and that Plaintiffs' lawsuit be **DISMISSED.**

The Clerk shall send copies of this Amended Memorandum, Recommendation, and Order to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and

---

[12] This Memorandum and Recommendation serves as Rule 4 notice that Plaintiffs must provide proof of service on Homebridge Financial. If Plaintiffs provide competent proof of service within the objection period, then the court will reconsider its recommendation.

legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 27th day of June, 2019.

Nancy K. Johnson
United States Magistrate Judge